AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | |
| | ) | Case No. |
| 109 Alpine Place, Woodland, California | ) ) ) | 2:18-SW 0104 KJN |

FILED
APR 13 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____EASTERN____ District of ____CALIFORNIA____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ____February 16, 2018____
                                                                                                *(not to exceed 14 days)*

☑ in the daytime 5:00 a.m. to 10 p.m.      ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge ___any magistrate judge of the Eastern District of CA___ .
                                                           *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                                                                                              ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: Feb 7, 2018  10:05 A.M.                    _____
                                                                                                                *Judge's signature*

City and state:  Sacramento, California                          Hon. Kendall J. Newman, U.S. Magistrate Judge
                                                                                                    *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: <br> 2:18-SW-0104 KJN | Date and time warrant executed: <br> 02/14/2018 5:21 am | Copy of warrant and inventory left with: <br> Christopher KELSO |
| Inventory made in the presence of : <br> Greg Wenning and Jeff Berdosh | | |

Inventory of the property taken and name of any person(s) seized:

Item 1 - Hydroco Bottle - Jeremy Heard
Item 2 - DOT and DMV Mail - Chris KELSO
Item 3 - Mail - Raul Barajas Jr.
Item 4 - Samsung Galaxy S/N R38H40936RM
Item 5 - Mossberg 12 Gauge Shotgun S/N U045618
Item 6 - 5, 12 Gauge Remington Slugs
Item 7 - Marlin .22 Rifle S/N MM02694H
Item 8 - .22 magazine with 3 .22 rounds and 1 .22 round
Item 9 - Wood .22 Rifle S/N D2130
Item 10 - Black gun case
Item 11 - Box of 100 Winchester Shotgun Shells
Item 12 - Remington 12 Gauge, 12 rounds
Item 13 - 80 shotgun shells

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 3/1/18

_____
Executing officer's signature

DAVE SIEBER, SPECIAL AGENT
Printed name and title

_____
Honorable Allison Claire
U.S. Magistrate Judge

## ATTACHMENT A

### *Location to be Searched*

### 109 Alpine Place, Woodland, California



109 Alpine Court, is located in the City of Woodland, Yolo County, California. The single-family residence is an approximately 1,000 square foot, 3 bedroom, 1 bath, single-story building. It is dark gray with white trim and red brick pillars and a gray shingle roof. The front door is white with a security screen and the door faces west. A two-car attached garage and a six-foot wood fence enclose the backyard. The residence number "109" is located on a wood pillar attached to the awning on the front porch in light color numbers.

The search of the aforementioned location shall include:

1. ANY AND ALL attachments, to include attics, basements, garages, safes, carports, outbuildings, trailers, appurtenances thereto, and all other areas within the curtilage.

2. Red, Nissan 300ZX, California license plate number 4PSL079, registered to KELSO

3. Silver Ford Ranger, California license plate number 6Z51983, registered to John Jackson (expired registration as of August 31, 2015).

## **ATTACHMENT B**

### *Items to be Seized*

All evidence constituting evidence, fruits, proceeds, and instrumentalities of violation of 21 U.S.C. § 841(a)(1) (distribution of a controlled substance) and 21 U.S.C. § 846 (conspiracy to distribute controlled substances):

1. Any controlled substances, illegal drugs or drug paraphernalia, including scales, measuring devices, and weighing devices; narcotics diluting or cutting agents; narcotics packaging materials, including plastic, tin foil, cellophane, jars, plastic bags, and other containers;

2. United States currency and foreign currency linked to drug trafficking and/or the proceeds of drug trafficking;

3. Money ledgers, narcotics distribution or customer lists, narcotics supplier lists, correspondence, notations, logs, receipts, journals, books, pay and owe sheets, records and other documents noting the price, quantity, date and/or times when narcotics were purchased, possessed, transferred, distributed, sold or concealed; electronic storage devices, computer disks, computer printouts, computer codes and computer programs in addition to computer hard disks, computer screens, computer keyboards, directory disks, all computer components which operate computers and which would reveal the receipt of proceeds from drug distribution and the transfer, investment, control and disposition of those proceeds;

4. Bank account records, wire transfer records, bank statements, safety deposit keys and records, money wrappers, money containers, income tax returns, evidence of financial transfer, or movement of money generated from the sale of narcotics;

5. Cellular telephones, telephone paging devices, beepers, mobile phones, car phones, answering machines and tapes, and other communication devices which evidence participation in a conspiracy to distribute controlled substances;

6. Personal telephone and address books and listings, letters, cables, telegrams, telephone bills, photographs, audio and video tapes, personal notes and other

items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates in drug trafficking activities;

7. Financial instruments purchased with large amounts of currency derived from the sale of controlled substances, including travelers checks, bonds, stock certificates, money orders, prepaid credit cards, green dot cards, cashier's checks and certificates of deposit; money counting machines, money wrappers and bags used to carry controlled substances;

8. Records, documents and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry, or other items obtained with the proceeds of the sales of controlled substances;

9. Records, items, and documents reflecting travel, including airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to location;

10. Handguns, shotguns, rifles, ammunition and other firearms possessed in relation to drug trafficking or discovered in the possession of a prohibited person;

11. Devices commonly used to conduct counter-surveillance against law enforcement including, but not limited to, scanners, police radios, surveillance cameras, recordings of surveillance footage, monitors, anti-bugging devices, and devices used to detect the presence of wiretaps, recording devices, transmitters, and/or receipts or literature describing the same;

12. Personal property tending to show the existence and/or location of other stored narcotics including, but not limited to, storage locker receipts, records, and maps, safety deposit keys and corresponding; and

13. Indicia of occupancy, residency, control or ownership of the premises and things described in this warrant, including utility bills, telephone bills, loan payment receipts, rent documents, canceled envelopes and keys, photographs, and bank records.